IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARLENE BEHANNA,  )
           Plaintiff,  )
)
  -vs-  )  Civil Action No. 17-1313
)
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
)
           Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she had been disabled since August 20, 2013. (ECF No. 9-5, p. 2). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on May 11, 2016. (ECF No. 9-2, pp. 33-54). On July 26, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 18-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 11 and 15). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner=s findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant=s impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Vocational Guidelines Grid Rule 202.04: Borderline Age</u>

When considering whether a plaintiff is disabled, an ALJ will consider the plaintiff's age in combination with a plaintiff's "residual functional capacity, education, and work experience." 20 C.F.R. §404.1563(a). There are several age categories: younger individual (18-49); approaching advanced age (50-54); advanced age (55-59); and close to retirement age (60-64). 20 C.F.R. §404.1563. Depending on the combination of factors, the age group a plaintiff falls into can mean the difference between the award or denial of benefits. At the time of the decision, Plaintiff was 26 days shy of her 55th birthday. This puts Plaintiff in a borderline age situation. Plaintiff argues that she should have been considered in the advanced age category. (ECF No. 12, pp. 5-9). If the ALJ would have considered Plaintiff in the advanced age category along with her residual

functional capacity, education and work experience, Plaintiff asserts that she would have "grid out" and would have been found disabled pursuant to Grid Rule 202.04. *Id.* To that end, Plaintiff submits the ALJ erred in failing to properly apply Grid Rule 202.04, a mere 26 days prior to her 55th birthday. (ECF No. 12, pp. 5-9). As a result, Plaintiff argues that reversal is warranted. (ECF No. 12, p. 10).

As to the law in this case, there is no dispute between the parties. *Compare,* ECF No. 12 *with* 16. Age is a vocational factor to be considered by the ALJ. The regulations provide, in pertinent part, as follows:

> (d) Person approaching advanced age. If you are closely approaching advanced age (50-54), we will consider that your age, along with a severe impairment and limited work experience, may seriously affect your ability to adjust to other work.
>
> (e) Person of advanced age. We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older). See § 404.1568(d)(4).

20 C.F.R. § 404.1563(d),(e). "We will use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. § 404.1563(b). The regulations further provide that in borderline cases, age categories should not be applied mechanically. 20 C.F.R. §404.1563(b). "If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will *consider* whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.* (Emphasis added).

The Hearings, Appeals, and Litigation Law Manual (HALLEX) is an internal social security manual that provides guidance in borderline age cases. HALLEX II-5-3-2 provides a two-part test to identify borderline age situations: "(1) determine whether the claimant's age is within a few days or a few months of a higher age category. (2) If so, determine whether using the higher age

4

category would result in a decision of "disabled instead of "not disabled." *Id.* If the answer is no to either question, the ALJ will use the plaintiff's age. *Id.* If the answer to both is yes, the ALJ "must decide whether it is more appropriate to use the higher age or the claimant's chronological age." *Id.* In so doing, the ALJ shall employ a "sliding scale" approach. *Id.*

> Under this approach, the claimant must show progressively more additional vocational adversity(ies) – to support use of the high age – as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens.
>
> One finds additional vocational adversity(ies) if some adjudicative factor(s) is relatively more adverse when considered in terms of that factor's stated criteria, or when there is an additional element(s) which had adverse vocational implications. Examples of these additional vocational adversities are…a history of work experience in an unskilled job(s) in one isolated industry or work setting. (An isolated industry would be such as fishing or forestry.)
>
> Absent a showing of additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age – even when the time period is only a few days. The adjudicator need not explain his or her use of the claimant's chronological age.

*Id.*

In this case, the ALJ acknowledged there is a borderline situation, but simply stated that he finds no additional vocational adversity.

> I acknowledge that the claimant will attain the age of 55 on August 20, 2016.[2] However, I find no additional or significant vocational adversity upon which to draw for a non-mechanical application of the Grid Rules.

(ECF No. 9-2, p. 25)(footnote added). As a result, the ALJ used Plaintiff's chronological age to determine if she was disabled. (ECF No. 9-2, pp. 25-27). This is the crux of the case. Plaintiff argues that "it is an indisputable point of fact that in this case [Plaintiff's] past relevant work is entirely unskilled in one work setting or industry….Because she had only one past relevant job, and it is unskilled and being in only one work setting (childcare in a school), this specifically meets

---

[2] The date of the ALJ's opinion was July 26, 2016. (ECF No. 9-2, p. 27).

5

the criteria set forth by the HALLEX." (ECF No. 12, p. 8). In opposition, Defendant argues that Plaintiff does not have past work experience in an 'isolated' industry or work setting." (ECF No. 16, p. 5). Neither party cites to legal support for their diametrically opposed assertions or any other additional facts regarding the prior job. As set forth above, the ALJ, apparently in accordance with HALLEX, provided no explanation whatsoever for his conclusion. In so doing, Defendant argues that the ALJ reasonably exercised his discretion. (ECF No. 16, p. 4). I am unpersuaded by this argument.

As an internal manual, HALLEX provides merely guidance and does not have the force of law. *Chaluisan v. Comm. Soc. Sec.* 481 F.App'x 788, 790-91 (3d Cir. 2012). Thus, while it is true that HALLEX provides that the ALJ need not explain his/her use of a plaintiff's chronological age, the "lack of an explanation may in some cases mean that the ALJ's ultimate decision is not supported by sufficient evidence." *Bowie v. Comm. Of Soc. Sec.,* 539 F.3d 395, 401 (6th Cir. 2008). Plaintiff has potentially proffered an adverse circumstance. It is not for me to decide in the first instance if that circumstance is adverse. Rather, it is for the ALJ. The ALJ, however, provides no explanation for the basis of his conclusion. This courts review is limited to that provided by the ALJ. The ALJ's failure to provide an explanation in this case, however, prohibits me from conducting a proper and meaningful review. Therefore, I cannot state that the ALJ's decision is based on substantial evidence. Consequently, remand is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLENE BEHANNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 17-1313 |
| | ) | |
| NANCY A. BERRYHILL,[3] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 11th day of February, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is granted and Defendant's Motion for Summary Judgment (Docket No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                                BY THE COURT:

                                                s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.